UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSE ANDRES SEPULVEDA RAMIREZ,

Petitioner,

v.

MATTHEW PUTRA et al.,

Respondents.

Case No. 1:26-cv-2896

Honorable Jane M. Beckering

# ORDER

This is a habeas corpus action brought by an individual detained by the United States Immigration and Customs Enforcement detained at the North Lake Processing Center in Baldwin, Lake County, Michigan. In an Opinion and Judgment entered on October 26, 2026, the Court conditionally granted Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, ordering "Respondents to provide Petitioner with an individualized bond hearing before an immigration judge, at which time the government will have the burden to demonstrate dangerousness or flight risk by clear and convincing evidence, within five business days and with notice to the Parties as soon as practicable, no later than 24 hours prior to the scheduled hearing, or, in the alternative, immediately release Petitioner from custody." (Op., ECF No. 7.) The Court further directed Respondents to file a status report within six business days of the date of the Court's Opinion and Judgment to certify compliance with Court's Opinion and Judgment. (Op. & J., ECF Nos. 7, 8.)

On November 3, 2026, Petitioner filed a motion to enforce judgment in this closed action. (ECF No. 9.) In the motion to enforce judgment, Petitioner argues that Immigration Judge at the

November 2, 2026, bond hearing denied Petitioner's request for bond without holding Respondents to the clear and convincing burden of proof as required by the Court's Judgment. (*Id.*) Petitioner requests, *inter alia*, that the Court order Petitioner's release. (*Id.*, PageID.67.)

Later on November 3, 2026, Respondents filed a status report, indicating that a bond hearing had been held on November 2, 2026, and that Petitioner had been denied bond. (Status Report, ECF No. 11; Immigration Judge Order, ECF No. 11-1.) In a written order, the Immigration Judge denied Petitioner's request for bond, stating:

> The [Petitioner's] application for relief was pretermitted by another immigration judge. The judge issued a written order describing a number of reasons on why the [Petitioner's] application was pretermitted. The court will find that the government has shown the [Petitioner] is a flight risk by clear and convincing evidence.

(Immigration Judge Order, ECF No. 11-1, PageID.246.)

In the motion to enforce judgment, Petitioner seeks to challenge the factual determinations made at the November 2, 2026, bond hearing in the Detroit Immigration Court. However, the Court notes that the issues raised, and the relief sought, in Petitioner's initial § 2241 petition (ECF No. 1) were resolved by the Court's October 26, 2026, Opinion and Judgment and the holding of the § 1226 bond hearing in Immigration Court where the Immigration Judge found that "the government has shown the [Petitioner] is a flight risk by clear and convincing evidence." (Immigration Judge Order, ECF No. 11-1, PageID.246.) Petitioner's challenge to the factual determinations made at the § 1226 bond hearing raises new claims that were not raised in Petitioner's original § 2241 petition and that were not addressed by the Court's October 26, 2026,

Opinion and Judgment. Therefore, Petitioner's motion to enforce judgment (ECF No. 9) is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.

Dated: November 10, 2026

/s/ Jane M. Beckering
Jane M. Beckering
United States District Judge